DETERMINED IN THE

# FIRST DEPARTMENT

AT

## GENERAL TERM,

### May, 1890.

GEORGE RICE, RESPONDENT, *v.* JOHN D. ROCKEFELLER
AND OTHERS, AS TRUSTEES OF THE STANDARD OIL TRUST,
APPELLANTS.

*Voluntary association — rights of one purchasing the interest of a beneficiary in the
association to admission thereto — equitable relief, when denied.*

An action was brought to compel the transfer, upon the books of the trustees of
the Standard Oil Trust, of certain shares thereof, for which the plaintiff had
purchased a certificate, which provided as follows: "This is to certify that
L. B. Mallaby is entitled to five shares in the equity to the property held by
the trustees of the Standard Oil Trust, transferable only on the books of said
trustees on surrender of this certificate. This certificate is issued upon condition
that the holder, or any transferree thereof, shall be subject to all the provisions
of the agreement creating said trust, and of the by-laws adopted in pursu-
ance of said agreement, as fully as if he had signed the said trust agreement."

The power of attorney contained in the transfer on the back of this certificate
was "to make the necessary transfer upon the books of said trust in accord-
ance with the regulations thereof, and upon the conditions expressed on the
face of this certificate."

It appeared that the plaintiff was a competitor of the Standard Oil Trust, which
was a voluntary association organized by parties engaged in mining and dealing
in petroleum; one of the objects of the trust being to secure to the trustees the
general supervision of the affairs of corporations, partnerships and manu-
factories adopting said agreement, by electing directors and officers thereof;
that the trustees held certain stocks or bonds, for which they issued to the

parties transferring the same Standard Oil Trust certificates, so-called, transferable upon the books of the trustees.

*Held,* that the plaintiff was not entitled to the transfer asked for.   .

That the certificate did not purport to be a certificate representing shares of stock, but simply a certificate of interest in the equity to certain property.

That, in order that a person should be a transferree, so as to constitute him a beneficiary under the trust, it was necessary that the certificate should be transferred on the books of the trustees, and the mere holding of a certificate in no way conveyed such a title to the holder as to make him a beneficiary of the trust.

That the provisions of the certificate and the transfer thereof which required that the authority to make the necessary transfer upon the books of the trust should be in accordance with the regulations thereof, in the absence of any evidence as to what these regulations were, placed the plaintiff in the position of one who, having bought a certain interest in the equity in property held by the association, of which the defendants were the trustees, sought to be admitted into the association without proof of any right to such admission under the terms of the articles of agreement of said association.

That it was necessary for the plaintiff to show affirmatively that he had the right to be admitted before the court could complete his admission by directing a transfer of his shares in interest upon the books of the trustees.

That merely acquiring by assignment the interest of a previous beneficiary conferred no legal right upon such assignee to be admitted as a beneficiary under the trust, as a matter of course.

That as there was nothing in the complaint which showed that this association exercised any of the rights of a corporation, or was subject to any of the restrictions governing corporations, the plaintiff did not stand in the position of a stockholder of a corporation.

A voluntary association has the right to provide for the assignments and transfers of interests; for the admission of the holders of interests into the association, and for the keeping of the record of the same upon the books of the association, without exercising any corporate right.

That as it appeared that the plaintiff had purchased the certificate with a hostile motive, the court would not intervene to compel the admission of an enemy into the ranks of a voluntary association.

That as the trust and the trustees thereof were financially responsible, and the legal remedies of the plaintiff entirely adequate, and as the shares in question had a market-value and could be sold, a court of equity, under the circumstances of this case, was not called upon to compel the admission of the plaintiff into the association represented by the defendants.

APPEAL by the defendants from a judgment, entered in the office of the clerk of the county of New York on the 14th day of January, 1890, after a trial before the court at Special Term, at which it was adjudged that the defendants, as trustees of the Standard Oil Trust, do forthwith perform each and every act necessary to transfer to

the plaintiff on the books of the said trustees the stock mentioned in the judgment, and to constitute said plaintiff a record certificate-holder in said Standard Oil Trust, as the owner of six shares, etc.

*Joseph H. Choate*, for the appellants.

*Edward T. Bartlett*, for the respondent.

VAN BRUNT, P. J.:

This is an action in equity brought to compel the transfer, upon the books of the trustees of the Standard Oil Trust, of six shares now held by the plaintiff.

It appears that the plaintiff purchased a certificate of five of these shares in October, 1889, paying therefor $190 per share, and that the plaintiff received as a dividend one other share of said trust, thus making six shares owned by him; that the Standard Oil Trust was created by an agreement in writing dated January 1, 1882, as modified by a supplemental agreement dated January 4, 1882; that the principal office of said trust was in the city of New York; that by the terms of the agreements the trust was vested in nine trustees; that said agreements were adopted by all the stockholders and members of certain corporations and limited partnerships therein named, or who might thereafter join in the same at the request of said trustees, and also by certain individuals and portions of said stockholders and members of certain corporations and limited partnerships therein named, or who might join in the same at the request of said trustees; that said stockholders and most of the individuals making or adopting said agreement were interested, directly or indirectly, in the mining, manufacturing, refining and dealing in petroleum and its products; that by and under said trust said trustees received from all, or certain of said parties, certain bonds and stock in trust, and issued therefor to the parties so transferring the same Standard Oil Trust certificates, transferable only on the books of said trustees; and that one of the objects of said agreements, creating said trust, was to secure to the said trustees the general supervision, so far as practicable, of the affairs of the various corporations, limited partnerships and manufactories making or adopting said agreements, by electing the directors and officers thereof; that by virtue of said agreements the said parties receiving

the said certificates became the beneficiaries of said trust, as did the transferrees of said certificates; that over ninety millions par value of said certificates have been issued from time to time by the said trustees, and that considerable amounts thereof are at the present time, held by many persons who are transferrees thereof, and not parties to the said agreements; that the plaintiff demanded of the defendants a transfer of said shares upon the books of the said trustees, which the defendants have refused to do.

It further appears that the plaintiff was a competitor and rival of the Standard Oil Trust and of the defendants as trustees, and down to the time of the beginning of this action the plaintiff had been uninterruptedly prosecuting or aiding in prosecuting a series of litigations and proceedings in the courts and before the Interstate Commerce Commission, and before an investigating committee of congress, for the purpose of securing, as he claims, from the railroad companies what he considers equal rates with said trust for the carrying of his products, and at the same time helping his own interests as a rival of said trust; and that from time to time, during the period of several years prior to the beginning of this action, the plaintiff has offered to sell his refining property to the defendants as such trustees, and to retire from his position as a rival and competitor of said trust upon the payment to him at first of the sum of $250,000, and, subsequently, of the sum of $500,000, both said sums being greatly in excess of the true value of said property.

The plaintiff thereupon commenced this action to compel the transfer of said shares, and the defendants justify their refusal upon two grounds: First. That the plaintiff has not established his legal or equitable title or right as a certificate-holder, under the terms of the agreement, and of the by-laws under which the trust was formed, to become a beneficiary of that trust by means of a transfer; and, second, upon the ground that there exist such equities against the plaintiff as will necessarily prevent a court of equity from granting him any relief whatsoever in this action.

The learned court below directed judgment for the transfer of these certificates upon the books of the trustees, and from such judgment this appeal is taken.

There being no proof upon the trial, of the agreement under which the Standard Oil Trust was formed, our sole knowledge as to

the position and duties of the defendants, the trustees under said trust agreement, is derived from the allegations of the complaint so far as they were admitted by the answer. The Standard Oil Trust Association was created by agreements made in January, 1882; the principal place of business of the trust was the city of New York, and the trust was vested in nine persons as trustees, the defendants being the present trustees thereof. These agreements were made and adopted by the persons hereinbefore named, all of whom were engaged in mining, manufacturing, refining and dealing in petroleum, etc. *One* of the objects of the trust was to secure to the trustees the general supervision, so far as practicable, of the affairs of said corporations, partnerships and manufactories making or adopting said agreement, by electing the directors and officers thereof. We are ignorant as to what were its other objects.

Under said agreement said nine trustees received from the parties assenting thereto certain stocks or bonds, for which they issued to the parties transferring the same to them Standard Oil Trust certificates, so-called, transferable upon the books of the trustees. The parties so surrendering their stocks and bonds for said certificates, together with the transferrees of said certificates, became the beneficiaries under the trust. At the time of the trial these certificates had a regular market-value of $170 per share, and were dealt in in the open market of the city of New York, and are held at present by a considerable number of persons who are transferrees thereof, and not parties to the agreements.

In considering the main question raised upon this appeal, it is necessary to call attention to the form of the certificate, of which the plaintiff was a purchaser, and the notice which he received thereby. This certificate reads as follows:

[Shares $100 each.]

STANDARD OIL TRUST.

Number 1987. Shares, 5.

This is to certify that L. B. Mallaby is entitled to five shares in the equity to the property held by the trustees of the Standard Oil Trust, transferable only on the books of said trustees on surrender of this certificate. This certificate is issued upon condition that the holder or any transferree thereof shall be subject to all the pro-

visions of the agreement creating said trust, and of the by-laws adopted in pursuance of said agreement, as fully as if he had signed the said trust agreement.

Witness the hands of the president, secretary and treasurer of the board of trustees, this 25th day of August, A. D. 1885, at the city of New York.

WM. ROCKEFELLER,

*V. President.*

J. F. FREEMAN,

*A. Treasurer.*

H. M. FLAGLER,

    *Secretary.*

( The following appears on the back of said certificate : )

For value received, I hereby sell and transfer to George Rice, of Marietta, Ohio, five shares of the Standard Oil Trust standing in my name on the books of said trust.

And I hereby irrevocably appoint said George Rice my attorney, to make the necessary transfer upon the books of said trust in accordance with the regulations thereof, and upon the conditions expressed on the face of this certificate.

L. B. MALLABY.

Dated *August* 26, 1885.

In the presence of :

    C. F. STREIGHTOFF.

It appears upon the face of said certificate that it does not purport to be a certificate of shares of stock, but simply a certificate of interest in the equity of certain property held by the defendants as trustees of the Standard Oil Trust, and that this interest was transferable only on the books of the trustees on the surrender of the certificate. In other words, in order that a person should be a transferree so as to constitute him a beneficiary under the trust, it was necessary that the certificate should be transferred on the books of the trustees, the language of the certificate being " transferable only on the books of the trustees on surrender of this certificate." That the person became a transferree only by having the certificate transferred on the books of the company is further apparent by the subsequent language of the certificate, which is as follows : " This certificate is issued upon condition that the holder or transferree

shall be," etc., making a manifest distinction between the person who may be a holder of this certificate and the one to whom the shares therein represented should be transferred upon the books of the trustees. Both the holder and any transferree thereof were subject to the provisions of the agreement creating the trust, and the by-laws adopted in pursuance thereof. But under the allegations in the complaint which were admitted by the answer (which is the only source of knowledge which we have upon this appeal), the beneficiaries of the trust were only the transferrees, and the mere holding of a certificate in no way conferred such a title upon the holder as to make him a beneficiary of the trust.

It further appears by the power of attorney, upon the back of the certificate, that the authority to make the necessary transfer upon the books of the trust was that it should be in accordance with the regulations thereof, and upon the conditions expressed on the face of this certificate. It nowhere appears what these regulations are. Neither does it appear that there are no regulations governing the transfer, and there is no allegation and no proof that there has been any compliance with these regulations. The position of the plaintiff, therefore, is that of a person having bought a certain interest in the equity in property held by an association of which the defendants are the trustees, who seeks to be admitted into this association without proof of any right to such admission according to the articles of agreement under which said association was formed. We do not see how such a claim can be enforced. It is necessary for the plaintiff to show affirmatively that he has the right to be admitted, before the court can compel his reception by decreeing a transfer of his shares of interest upon the books of the trustees.

It might be very well said that, in the absence of all proof upon the subject as to whether there had been a compliance with the requirements of the articles of association or not, or proof that no requirements existed, the plaintiff had not made out a case. But in the action at bar, it appears affirmatively that there are certain regulations governing the transfer of these certificates, as in the power of attorney signed by the transferree of these shares and indorsed upon the certificates, the power to transfer is dependent upon compliance with the regulations of the association as well as with the conditions expressed upon the face of the certificates. The

mere acquirement by assignment of the interest of some previous beneficiary conferred no legal right upon such assignee to be admitted as a beneficiary under the trust as a matter of course. The parties forming this association might agree that such assignee might become a beneficiary under the trust under such regulations, and subject to such restrictions as they might see fit to impose. The presence of such an agreement and compliance with its terms is necessary to be shown in order to entitle a party to compel such admission.

It is sought, upon the part of the counsel for the respondent, to liken the rights of the plaintiff to those of a stockholder of a corporation, and this suggestion seems to have been adopted by the court below. But there is nothing in the allegations of the complaint which tends to show that this association exercises any of the rights of a corporation, or is subject to any of the restrictions governing corporations. In fact, we know little or nothing of the internal arrangements or constitution of this association, and cannot, therefore, determine the rights of parties interested in these certificates. It is urged that this association is to be treated as though it were a joint-stock association. But even if that were the case, it would not help in any respect the position of the plaintiff, because even in a joint-stock association, in order to entitle a purchaser of stock to be admitted into membership, it is necessary that the articles of association should so provide. The association in question does not seem to issue even shares of stock, but simply certificates of interest in the equity of certain property held by these trustees.

The ground upon which the court below based its decision seems to have been that, because an equitable action will lie to compel the transfer upon the books of the corporation of shares of its capital stock to the owner, unless such interference would be against equity or good conscience, therefore, the plaintiff is entitled to the same relief, although the Standard Oil Trust is a voluntary association, basing its opinion upon the alleged fact that the association has sought to exercise the ordinary powers of a corporation in selling its stock upon the open market to the general public, making it transferable on the books of the trustees.

The learned judge has fallen into a manifest error in this respect, because there is no evidence whatever that this association has sold

a share of its stock in the open market to the general public or to anybody else, the only proof being that these certificates are dealt in in the open market in the city of New York, and are held by many persons who are transferrees thereof, and not parties to the original agreement.

There is no proof whatever that the association attempts to exercise any of the powers of a corporation, or, as has already been stated, has sold a share of its stock upon the open market. On the contrary, it would seem, from the very necessities of the case, that whatever sales were made, were made by the owners and holders of these certificates, and not by the association. The mere fact of making the certificates transferable upon the books of the trustees was in no manner the exercise of a corporate right. A voluntary association has the right to provide for the assignment and transfer of interests and for the admission of the holders of interests into the association, and for the keeping of a record of the same upon the books of the association without exercising any corporate right whatever.

We think, also, that the compelling of a transfer of this certificate would, under the circumstances disclosed upon this trial, be against equity and good conscience. It is true that the learned judge found that, because the plaintiff had sworn that when he purchased these shares he did so without any hostile intentions towards the trust, and that his only desire was to enjoy the ordinary legal rights of a stockholder; that, therefore, he was actuated by no motives hostile to the interests of the association. But we think that the evidence establishes, beyond question, that there was no other motive but a hostile one which actuated the plaintiff in the purchase of these certificates of shares. He had been in active hostility to the trust, and they had been active competitors in trade. He had expressed himself as hostile to the association, and stated upon the trial that it was his opinion that the trust ought to be broken up, and in a general way that they ought not to exist, and that his disposition towards the trust since its formation had undergone no particular change.

In view of this testimony, it is apparent that he intended to create a false impression, and that his only purpose in attempting to force himself into the association was, if possible, to compel the

association to purchase his property at the exaggerated price which he had placed upon it. Whether or not this Standard Oil Trust is an association which, in the eye of the law, ought to be broken up, because its operations are against public policy, we are ignorant, because we are not in possession of the facts in order to pass judgment upon that proposition. Whether any of its practices are in hostility to the law, or its objects are contrary to public policy, we are ignorant, and, therefore, we cannot assume that the object which the plaintiff had in the purchase of these certificates, for the purpose of fighting his own battles, with reference to his competition with this trust within its own borders, was such as the law would regard as meritorious. Whatever may be the rules affecting the transfer of stock of a corporation, certainly a court of equity will not intervene to compel the admission of an enemy into the ranks of a voluntary association.

It appears from the evidence that the shares in question have a market-value and can be sold. There is no claim but that this trust and the trustees thereof are perfectly responsible, and that the legal remedies of the plaintiff are entirely adequate, and he having bought this interest for the manifest purpose already expressed, we do not see that a court of equity is called upon to further his plans by compelling his admission into the ranks of the association.

Upon the whole case, therefore, we think that the plaintiff was not entitled to the relief given in the court below, and that the judgment should be reversed and a new trial ordered, with costs to appellants to abide event.

BRADY and DANIELS, JJ., concurred.

Judgment reversed and new trial ordered with costs to the appellants to abide event.